**Fill in this information to identify the case:**

Debtor 1  Daniel Alaimo
Debtor 2  Kerri Alaimo
(Spouse, if filing)
United States Bankruptcy Court  Northern District of Illinois
Case number: 19-04933

FILED
U.S. Bankruptcy Court
Northern District of Illinois
4/23/2019


EXHIBIT A

## Official Form 410
## Proof of Claim

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Liberty Lakes East Homeowners Association
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Liberty Lakes East Homeowners Association

Name
Keay & Costello, P.C.
128 S. County Farm Road
Wheaton, IL 60187

Contact phone ___630-690-6446___
Contact email ___ben@keaycostello.com___

Where should payments to the creditor be sent? (if different)

Name

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410      Proof of Claim      page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. How much is the claim? | $ 986.85<br>**Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Association common expense |
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** Association lien<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ 350000.00<br>**Amount of the claim that is secured:** $ 986.85<br>**Amount of the claim that is unsecured:** $ 0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☑ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410   Proof of Claim   page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  4/23/2019
MM / DD / YYYY

/s/ Benjamin J. Rooney

Signature

Print the name of the person who is completing and signing this claim:

Name: Benjamin J. Rooney
First name   Middle name   Last name

Title:

Company: Keay & Costello, P.C.
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 128 S. County Farm Road
Number Street
Wheaton, IL 60187
City State ZIP Code

Contact phone: 630-690-6446   Email: ben@keaycostello.com

Official Form 410   Proof of Claim   page 3

# Account History Report
## Liberty Lakes East HOA
**Daniel F & Kerri K Alaimo**  00193-9549

| Trans Date | Transaction | Charges | Payments | Balance | Date Billed | Reference | Comments |
|---|---|---|---|---|---|---|---|
| 01/30/2016 | Late Fee | 2.37 | | 239.87 | | Late Fee | Late Fee: 01/30/2016 |
| 02/04/2016 | Demand Letter Charge | 35.00 | | 274.87 | | DEMAND LETTER | DL; 02/04/2016 |
| 02/29/2016 | Late Fee | 2.72 | | 277.59 | | Late Fee | Late Fee: 02/29/2016 |
| 03/04/2016 | Delinq Proc Fee - Assn | 175.00 | | 452.59 | | ATTY TURNOVER | ATTY; 03/04/2016 |
| 03/30/2016 | Late Fee | 4.47 | | 457.06 | | Late Fee | Late Fee: 03/30/2016 |
| 04/13/2016 | Late Fee | | -9.56 | 447.50 | | Late Fee | BK 7/20/15 to Post 216-0139 |
| 04/13/2016 | Delinq Proc Fee - Assn | | -175.00 | 272.50 | | Atty Turn Over | BK 7/20/15 to Post 216-0139 |
| 04/13/2016 | Demand Letter Charge | | -35.00 | 237.50 | | Demand Letter | BK 7/20/15 to Post 216-0139 |
| 04/13/2016 | Semi-Annual Assessment | | -237.50 | 0.00 | | Semi-annual Char | BK 7/20/15 to Post 216-0139 |
| 05/16/2016 | Legal Fee | 145.50 | | 145.50 | | 52905 | Legal Fee - BK |
| 03/15/2018 | Legal Fee | 781.00 | | 926.50 | | 83300 | Legal Fee |
| 04/12/2018 | Legal Fee | | -781.00 | 145.50 | | Credit | Reverse 03/15/2018 Legal Fee |
| 02/01/2019 | Legal Fee | | -145.50 | 0.00 | | Credit | Reverse 05/16/2016 Legal Fee |
| 02/01/2019 | Legal Fee | 145.50 | | 145.50 | | 52905 | Legal Fee - BK |
| 02/01/2019 | Legal Fee | | -145.50 | 0.00 | | Credit | Reverse 02/01/2019 Legal Fee |
| 02/04/2019 | Delinq Proc Fee - Assn | 175.00 | | 175.00 | | BK 1.11.19 | 4.13.16 Moved from 216-0139 |
| 02/04/2019 | Delinq Proc Fee - Assn | 175.00 | | 350.00 | | BK 1.11.19 | 7.8.19 Moved from 216-0139 |
| 02/04/2019 | Delinq Proc Fee - Assn | 175.00 | | 525.00 | | BK 1.11.19 | 6.25.18 Moved from 216-0139 |
| 02/04/2019 | Demand Letter Charge | 35.00 | | 560.00 | | BK 1.11.19 | 4.13.16 Moved from 216-0139 |
| 02/04/2019 | Demand Letter Charge | 35.00 | | 595.00 | | BK 1.11.19 | 6.7.16 Moved from 216-0139 |
| 02/04/2019 | Misapplied Payment | | -568.33 | 26.67 | | BK 1.11.19 | 4.21.17 Moved from 216-0139 |
| 02/04/2019 | Misapplied Payment | | -400.00 | -373.33 | | BK 1.11.19 | 6.5.18 Moved from 216-0139 |
| 02/04/2019 | Misapplied Payment | | -175.00 | -548.33 | | BK 1.11.19 | 6.25.18 adj.Moved from 216-013 |
| 02/04/2019 | Misapplied Payment | | -1,093.50 | -1,641.83 | | BK 1.11.19 | 8.6.18 Moved from 216-0139 |
| 02/04/2019 | Late Fee | 2.72 | | -1,639.11 | | BK 1.11.19 | 4.13.16 Moved from 216-0139 |
| 02/04/2019 | Late Fee | 4.47 | | -1,634.64 | | BK 1.11.19 | 4.13.16 Moved from 216-0139 |
| 02/04/2019 | Late Fee | 4.82 | | -1,629.82 | | BK 1.11.19 | 6.30.16 Moved from 216-0139 |
| 02/04/2019 | Late Fee | 8.95 | | -1,620.87 | | BK 1.11.19 | 7.30.16 Moved from 216-0139 |
| 02/04/2019 | Late Fee | 2.37 | | -1,618.50 | | BK 1.11.19 | 4.13.17 Moved from 216-0139 |
| 02/04/2019 | Late Fee | 2.37 | | -1,616.13 | | BK 1.11.19 | 8.30.18 Moved from 216-0139 |
| 02/04/2019 | Late Fee | 2.37 | | -1,613.76 | | BK 1.11.19 | 9.30.18 Moved from 216-0139 |
| 02/04/2019 | Late Fee | 2.37 | | -1,611.39 | | BK 1.11.19 | 10.30.18 Moved from 216-0139 |
| 02/04/2019 | Late Fee | 2.37 | | -1,609.02 | | BK 1.11.19 | 11.30.18 Moved from 216-0139 |
| 02/04/2019 | Late Fee | 2.37 | | -1,606.65 | | BK 1.11.19 | 12.30.18 Moved from 216-0139 |
| 02/04/2019 | Legal Fee | 781.00 | | -825.65 | | BK 1.11.19 | 4.12.18 Moved from 216-0139 |
| 02/04/2019 | Semi-Annual Assessment | 237.50 | | -588.15 | | Semi Annual charg | 4.13.16 Moved from 216-0139 |
| 02/04/2019 | Semi-Annual Assessment | 237.50 | | -350.65 | | Semi Annual charg | 7.1.16 Moved from 216-0139 |
| 02/04/2019 | Semi-Annual Assessment | 237.50 | | -113.15 | | Semi Annual charg | 1.1.17 Moved from 216-0139 |
| 02/04/2019 | Semi-Annual Assessment | 237.50 | | 124.35 | | Semi Annual charg | 7.1.17 Moved from 216-0139 |
| 02/04/2019 | Semi-Annual Assessment | 237.50 | | 361.85 | | Semi Annual charg | 1.1.18 Moved from 216-0139 |
| 02/04/2019 | Semi-Annual Assessment | 237.50 | | 599.35 | | Semi Annual charg | 7.1.18 Moved from 216-0139 |
| 02/04/2019 | Semi-Annual Assessment | 237.50 | | 836.85 | | Semi Annual charg | 1.1.19 Moved from 216-0139 |
| 02/12/2019 | Delinq Proc Fee - Assn | | -350.00 | 486.85 | | BK 1.11.19 | Moved from 216-0139 |
| 02/25/2019 | Legal Fee | 100.00 | | 586.85 | | 98274 | Legal Fees-BK |

*handwritten:* 4-16-19 - BK Legal Fee  400.00   986.85   letter and POC

# Account History Report
# Liberty Lakes East HOA

**Daniel F & Kerri K Alaimo**  00193-9549

| | |
|---|---|
| Community Address: | 2588 Heron Lane |
| | Wauconda, IL 60084 |
| Mailing Address: | 2588 Heron Lane |
| | Wauconda, IL 60084 |

| | |
|---|---|
| Date Settled: | Fri Sep 28, 2012 |
| Unit Type: | 01 - Unit Type 01 |
| Location: | 35 |
| Last payment date: | Mon Oct 19, 2015 |
| Last payment amount: | 279.64 |
| Current balance: | 586.85 |

| Trans Date | Transaction | Charges | Payments | Balance | Date Billed | Reference | Comments |
|---|---|---|---|---|---|---|---|
| 10/09/2012 | Check | | -550.00 | -550.00 | | 9715000502 | Chicago Title & Trust Co |
| 10/09/2012 | Check | | -143.45 | -693.45 | | 9715000503 | Chicago Title & Trust Co |
| 10/09/2012 | Reserve Assessment | 550.00 | | -143.45 | | | Initial Reserve contribution |
| 10/09/2012 | Annual Assessment | 143.45 | | 0.00 | | | 2012 Annual Assessment |
| 01/01/2013 | Annual Assessment | 550.00 | | 550.00 | | Annual Charges | Recurring Charges: 01/01/2013 |
| 01/31/2013 | Late Fee | 5.50 | | 555.50 | | Late Fee | Late Fee: 01/31/2013 |
| 02/19/2013 | Demand Letter Charge | 35.00 | | 590.50 | | | Demand Letter Fee |
| 02/28/2013 | Late Fee | 5.50 | | 596.00 | | Late Fee | Late Fee: 02/28/2013 |
| 03/06/2013 | Credit Card Payment | | -550.00 | 46.00 | | 14357216 | Credit Card Payment |
| 03/06/2013 | Demand Letter Charge | | -35.00 | 11.00 | | Demand Letter Cr | Credit DL Fee Per BOD |
| 03/06/2013 | Late Fee | | -11.00 | 0.00 | | Late Fee Credit | Late Fee Credit Per BOD |
| 01/01/2014 | Semi-Annual Assessment | 237.50 | | 237.50 | | Semi-annual Char | Recurring Charges: 01/01/2014 |
| 01/31/2014 | Late Fee | 2.38 | | 239.88 | | Late Fee | Late Fee: 01/31/2014 |
| 02/24/2014 | Demand Letter Charge | 35.00 | | 274.88 | | Collection | Demand Letter Fee |
| 02/28/2014 | Late Fee | 2.38 | | 277.26 | | Late Fee | Late Fee: 02/28/2014 |
| 03/31/2014 | Late Fee | 2.38 | | 279.64 | | Late Fee | Late Fee: 03/31/2014 |
| 04/04/2014 | Credit Card Payment | | -279.64 | 0.00 | | 25396897 | Credit Card Payment |
| 07/01/2014 | Semi-Annual Assessment | 237.50 | | 237.50 | | Semi-annual Char | Recurring Charges: 07/01/2014 |
| 07/31/2014 | Late Fee | 2.38 | | 239.88 | | Late Fee | Late Fee: 07/31/2014 |
| 08/31/2014 | Late Fee | 2.38 | | 242.26 | | Late Fee | Late Fee: 08/31/2014 |
| 09/22/2014 | Demand Letter Charge | 35.00 | | 277.26 | | Collection | Demand Letter Fee |
| 09/30/2014 | Late Fee | 2.38 | | 279.64 | | Late Fee | Late Fee: 09/30/2014 |
| 10/20/2014 | Delinq Proc Fee - Assn | 175.00 | | 454.64 | | Turnover | Turnover Collection Fee |
| 10/30/2014 | Late Fee | 4.48 | | 459.12 | | Late Fee | Late Fee: 10/30/2014 |
| 11/28/2014 | Check | | -150.00 | 309.12 | | 349862287 | ak |
| 11/30/2014 | Late Fee | 2.98 | | 312.10 | | Late Fee | Late Fee: 11/30/2014 |
| 12/01/2014 | Legal Fee | 190.13 | | 502.23 | | 10/31/14 25288 22 | Charge Back - Legal |
| 12/03/2014 | Check | | -50.00 | 452.23 | | 350871877 | ar |
| 12/09/2014 | Check | | -50.00 | 402.23 | | 352471263 | ar |
| 12/16/2014 | Check | | -50.00 | 352.23 | | 353521239 | ar |
| 12/30/2014 | Late Fee | 3.45 | | 355.68 | | Late Fee | Late Fee: 12/30/2014 |
| 01/01/2015 | Semi-Annual Assessment | 237.50 | | 593.18 | | Semi-annual Char | Recurring Charges: 01/01/2015 |
| 01/09/2015 | Check | | -50.00 | 543.18 | | 357116930 | jm |
| 01/29/2015 | Check | | -200.00 | 343.18 | | 360627909 | FE |
| 01/30/2015 | Late Fee | 3.32 | | 346.50 | | Late Fee | Late Fee: 01/30/2015 |
| 02/09/2015 | Late Fee | | -6.43 | 340.07 | | Adj Nov-Dec'14 | Nov-Dec'14 late fees |
| 02/28/2015 | Late Fee | 3.26 | | 343.33 | | Late Fee | Late Fee: 02/28/2015 |
| 03/10/2015 | Check | | -340.07 | 3.26 | | 2282 | PAYMENT |
| 05/27/2015 | Credit Card Payment | | -3.26 | 0.00 | | 42401181 | Credit Card Payment |
| 07/01/2015 | Semi-Annual Assessment | 237.50 | | 237.50 | | Semi-annual Char | Recurring Charges: 07/01/2015 |
| 07/30/2015 | Late Fee | 2.38 | | 239.88 | | Late Fee | Late Fee: 07/30/2015 |
| 08/30/2015 | Late Fee | 2.38 | | 242.26 | | Late Fee | Late Fee: 08/30/2015 |
| 09/30/2015 | Late Fee | 2.38 | | 244.64 | | Late Fee | Late Fee: 09/30/2015 |
| 10/05/2015 | Demand Letter Charge | 35.00 | | 279.64 | | Demand Letter | Demand Letter Fee |
| 10/19/2015 | Credit Card Payment | | -279.64 | 0.00 | | 49862435 | Credit Card Payment |
| 01/01/2016 | Semi-Annual Assessment | 237.50 | | 237.50 | | Semi-annual Char | Recurring Charges: 01/01/2016 |

Doc Number: 6144619 Page 1 of 34

# DECLARATION OF COVENANTS, CONDITIONS & RESTRICTIONS FOR LIBERTY LAKES EAST HOMEOWNERS ASSOCIATION

This Declaration made this 21st day of February, 2007, by Hovstone Properties Illinois, L.L.C., a Delaware Limited Liability Company (hereinafter referred to as "Declarant").

## WITNESSETH:

WHEREAS, Declarant owns fee simple title to a certain parcel of real estate in the County of Lake, State of Illinois, legally described in Exhibit "A" attached hereto and made a part hereof (the "Property"); and

WHEREAS, Declarant desires to develop a single family development on the Property to be known as Liberty Lakes East (hereinafter referred to as the "Development"); and

WHEREAS, Declarant intends to subject the Property to the covenants, conditions and restrictions, easements, charges and liens hereinafter set forth each and all of which is and are for the reasonable benefit of the owners and public welfare and more specifically for the purpose of enhancing and protecting the value of aforesaid property and insuring maintenance of the Common Area, including its on-site Stormwater Detention Facilities and improvements, wetlands, recreational facilities and entrance features, in conformity with all applicable ordinances, and for collecting and disbursing the assessments and charges hereinafter provided for, and for such other purposes as hereinafter described;

NOW THEREFORE, Declarant hereby declares that the Property shall be held, sold and conveyed subject to the following covenants, conditions, restrictions, easements, charges and liens which are intended to constitute a general plan for the benefit of and enforcement by all present and future owners of any of the lots in the subdivision and the Village of Wauconda, so as to protect the value and desirability of the property submitted thereto and be binding on and inure to the benefit of all parties having any right, title or interest in the described properties or any part thereof, their heirs, successors and assigns.

PREPARED BY:
Kathleen Kang
1806 S. Highland Avenue
Lombard, IL 60148

RETURN TO:
Kathleen Kang
1806 S. Highland Avenue
Lombard, IL 60148

vouchers authorizing the payments described therein shall be available for inspection by any Owner or any representative or an Owner duly authorized in writing, or any holder of a Mortgage at such reasonable time or times during normal business hours when requested by an Owner or by the holder of a Mortgage. Upon ten (10) days' prior written notice to the Board, any Owner shall be furnished a statement of his account, which statement shall set forth the amount of any unpaid assessments or other charges due and owing from such Owner.

7.8.    All funds collected hereunder shall be held and expended for the purposes designated herein, and are hereby held in trust for the benefit, use and account of all Owners through the Association. All funds not otherwise employed shall be deposited from time to time to the credit of the Association in such banks, trust companies or other depositories as the Board may select.

7.9.    Any assessments or other charges which are not paid when due shall be delinquent. If the assessment or charge is not paid within thirty (30) days after the due date, the assessment shall bear interest from and after the due date at the lesser of the rate of twelve percent (12%) per annum or the highest rate allowed by law, and the Association may bring an action at law against the Owner personally obligated to pay the same or foreclose the lien against the Owner's Lot, and interest, costs and reasonable attorneys' fees incurred in any such action shall be added to the amount of any such overdue assessment. To the extent permitted by any decision or any statute or law now or hereafter effective, the amount of any delinquent and unpaid charges or assessments, and interest costs and fees as above provided, shall be and become a lien or charge against the Lot of any such Owner when payable and may be foreclosed by an action brought in the name of the Board as in the case of foreclosure of mortgage liens against real estate. The directors of the Board and their successors in office, acting on behalf of the other Owners, shall have the power to bid in the interest so foreclosed at foreclosure sale, and to acquire and hold, lease, mortgage and convey any interest so acquired. To the fullest extent permitted by law, any court shall be authorized to restrain the defaulting Owner from reacquiring his interest at such foreclosure sale.

7.10.    In addition to the rights and remedies set forth in Section 7.9, if any Owner shall default in the payment, when same shall be due, of the aforesaid charges or assessments and said default shall continue for thirty (30) days after written notice to said Owner by the Board, of the amount of unpaid charges or assessments and a demand for payment thereof, the Board shall have the right to declare said default a forcible detainer of the dwelling and shall have the right, on behalf of the other Owners, to enter and take possession of the dwelling from any defaulting Owner, to put out said Owner, or any occupant or tenant claiming by, through or under said Owner, using such reasonable force as the Board shall deem necessary under the circumstances and, in addition, to exercise any other rights or remedies provided in the Forcible Entry and Detainer Act, 735 ILCS 5/9-101 et. seq. (West 1996).

7.11.    The lien of assessments provided for herein shall be subordinate to (a) the lien of any first mortgage now or hereafter placed on the Lots, and (b) the lien of any second or subordinate mortgage that is recorded against any Lot prior to the time of a delinquent assessment for which a lien foreclosure action is pursued under this Declaration. In the event of the issuance of a deed